Appellant Marcus Elms appeals from the decision of the Lorain County Court of Common Pleas denying his petition for postconviction relief.[1] We affirm.
On November 7, 1997, Elms was convicted of one count of aggravated trafficking in drugs. The offense occurred in March 1996. On November 12, 1997, the trial court sentenced him to an indefinite prison term. Elms appealed; his direct appeal is pending before this court.
On March 3, 1998, Elms filed a petition for postconviction relief. In his petition, Elms argued that he should be resentenced under Am.Sub.S.B. No. 2 ("Senate Bill 2") because he was convicted and sentenced after July 1, 1996, the effective date of Senate Bill 2. The State opposed the petition. The trial court denied the petition on March 31, 1998. Elms appeals, assigning one error.
Elms' assignment of error states:
 THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY SENTENCING HIM ACCORDING TO THE PROVISIONS OF THE LAW EXISTING PRIOR TO JULY 1, 1996, WHEN O.R.C. § 1.58(B) [sic] MANDATES THAT THE DEFENDANT-APPELLANT BE SENTENCED ACCORDING TO THE STATUTE [sic] AS AMENDED ON JULY 1, 1996.
Elms argues that the trial court erred in denying his petition because he was entitled to be resentenced under Senate Bill 2. Elms' argument lacks merit. In State v. Rush (1998),83 Ohio St.3d 53, paragraph two of the syllabus, the Ohio Supreme Court held that "[t]he amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996." The offense for which Elms was convicted and sentenced in the case at bar occurred in March 1996. Therefore, Elms is not entitled to be resentenced under Senate Bill 2. Elms' assignment of error is overruled.
Elms' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
SLABY, J.
MILLIGAN, J.
CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] Elms' petition is captioned as a motion to correct or modify his sentence. However, such motions are treated as petitions for postconviction relief. State v. Reynolds (1997),79 Ohio St.3d 158, syllabus.